*Bidot v. County of Suffolk*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of July, two thousand twenty-six.

PRESENT: Gerard E. Lynch,
Steven J. Menashi,
Maria Araújo Kahn,
*Circuit Judges.*

_____

JUAN ANTHONY BIDOT,

*Plaintiff-Appellant,*

v.                                                      No. 25-915

COUNTY OF SUFFOLK, STEPHEN LARSEN, in his individual and in his official capacity, THOMAS BRANCO, in his individual and in his official capacity, JAMES H. STITT, in his individual and in his official capacity, ANDREA NEUBAUER, in her individual and in her official capacity, JOHN DOES 1-10, in their individual and official capacity,

*Defendants-Appellees,*

SUFFOLK COUNTY DEPARTMENT OF PROBATION,

*Defendant.*

_____

*For Plaintiff-Appellant*: STEPHEN BERGSTEIN, Bergstein & Ullrich, New Paltz, New York.

*For Defendants-Appellees*: DREW W. SCHIRMER, Assistant County Attorney, *for* Christopher J. Clayton, Suffolk County Attorney, Hauppauge, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Lindsay, M.J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Juan Anthony Bidot appeals from a judgment of the district court granting summary judgment to the defendants on his discrimination claims under Title VII and 42 U.S.C. § 1983. "We review a district court's decision to grant summary judgment *de novo*, resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment is sought." *Conn. Fair Hous. Ctr. v. CoreLogic Rental Prop. Sols., LLC*, 167 F.4th 605, 615 (2d Cir. 2026) (quoting *Garcia v. Heath*, 74 F.4th 44, 47-48 (2d Cir. 2023)). We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

## I

Bidot argues that the district court erred by granting summary judgment on his discrimination claims arising from the disciplinary charges against him. We disagree.

Claims of employment discrimination under Title VII are evaluated pursuant to the three-step burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). First, the plaintiff bears the burden of establishing a prima facie case by showing that he belongs to a protected class, that he was

qualified for the position, and that he suffered an adverse employment action under circumstances giving rise to an inference of discrimination. *See id.* at 802; *Littlejohn v. City of New York*, 795 F.3d 297, 307 (2d Cir. 2015). The burden at step one is "not onerous." *Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 253 (1981).

Second, if the plaintiff satisfies that initial burden, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for the challenged employment action. *See McDonnell Douglas*, 411 U.S. at 802-03. "This burden is one of production, not persuasion," so "it 'can involve no credibility assessment.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993)). "[I]f the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff … the presumption raised by the prima facie case is rebutted." *Burdine*, 450 U.S. at 254-55.

Third, the burden shifts back to the plaintiff to show that the employer's stated reason was pretextual and that discrimination was a motivating reason for the adverse action. *See McDonnell Douglas*, 411 U.S. at 804; *Bart v. Golub Corp.*, 96 F.4th 566, 570-71 (2d Cir. 2024). To survive summary judgment, the plaintiff must identify evidence that would permit a reasonable jury to conclude that "the proffered reason was not the true reason for the employment decision" and that the plaintiff instead "has been the victim of intentional discrimination." *Burdine*, 450 U.S. at 256.

In this case, we assume—and the defendants do not seriously dispute—that Bidot established a prima facie case. Bidot is a member of protected classes, was qualified for his position as a longtime probation officer, and suffered an adverse employment action by being terminated. He also identified evidence that would allow the inference of discrimination, including the timing of the disciplinary process following disclosure of his sexual orientation and his allegation that he was treated more harshly than other probation officers for comparable conduct.

In response to the prima facie case, the County of Suffolk articulated a legitimate, nondiscriminatory reason for the disciplinary proceedings and eventual termination: Bidot's misconduct in the form of inaccuracies in his work records and his failure to perform required duties. *See Bidot v. County of Suffolk*, No. 19-CV-3925, 2025 WL 1135049, at *13 (E.D.N.Y. Mar. 7, 2025). An independent arbitrator rejected some of the County's disciplinary charges, but the arbitrator sustained enough charges to conclude that there was just cause to terminate Bidot. *See id.* at *3. That satisfied the County's burden at step two. *See Reeves*, 530 U.S. at 142 (concluding that an employer "met this burden by offering admissible evidence sufficient for the trier of fact to conclude that [the employee] was fired because of his failure to maintain accurate attendance records").

At step three, Bidot argued that the County's proffered reason was pretextual. We agree with the district court, however, that Bidot did not create a triable issue of fact by asserting that the defendants tolerated misconduct by other employees. To raise an inference of discrimination through comparator evidence, a plaintiff must identify employees who are "similarly situated in all material respects." *Graham v. Long Island R.R.*, 230 F.3d 34, 39-40 (2d Cir. 2000) (quoting *Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 64 (2d Cir. 1997)). The district court correctly concluded that Bidot's proposed comparators were not similarly situated. Bidot did not show "that any of the comparators engaged in or were charged with the widespread falsification of records and theft of time which [Bidot] was charged with and ultimately found guilty of." *Bidot*, 2025 WL 1135049, at *11.

Bidot argued, for example, that other employees took an extended lunch break and that other probation officers made recordkeeping errors. But "[a] single example of an extended lunch with colleagues is not comparable to [Bidot's] pattern of reporting failures and unexcused absences and is insufficient proof of pretext." *Id.* Another probation officer "was accused of forging doctors' notes to take additional sick time," but that officer was disciplined with "a forced resignation within six to twelve months of the incident." *Id.* at *12. And Bidot did

4

not show that the other recordkeeping errors were comparable to the conduct with which he was charged and in which the arbitrator determined that he engaged. *See id.* at *11 ("In August 2018, [Bidot] was charged with 26 counts of fraudulent/inaccurate day sheets and/or caseload explorer records and fourteen counts of failure to provide a fair day's work for the base rate paid. And, in November 2018, the number of charges was increased from 40 to 95 and a third charge of failure to cooperate with a departmental investigation was added.") (citation omitted).[1] We therefore see no error in the conclusion of the district court that Bidot failed to identify a genuine issue of material fact as to whether the County's stated reason for initiating disciplinary proceedings and terminating Bidot was a pretext for discrimination.

## II

Bidot also challenges the dismissal of his claim that he was denied a transfer because of national-origin discrimination. We again see no error by the district court.

Bidot's claim relied on evidence that he was told that he would not be transferred because he spoke Spanish and the Sex Offender Unit needed Spanish-speaking officers. One supervising probation officer testified that he explained to Bidot that "it will be difficult to effect a transfer for a senior Spanish speaking officer" because "they are in demand." J. App'x 257. The supervising officer said it would be difficult for Bidot to transfer to another unit "because we need him

---

[1] The arbitrator sustained over a third of the misconduct charges against Bidot. *See* J. App'x 198-200. On appeal, Bidot does not meaningfully dispute the arbitrator's findings of misconduct but focuses on how those findings affect the legal questions presented. *See, e.g.,* Appellant's Br. 31 (arguing that "an arbitrator's adverse factual findings do not *per se* preclude a Title VII claim where the plaintiff can show [that] the employer was motivated by discriminatory intent"); *id.* at 32 (observing that "[t]he arbitrator did not determine what motivated the County to lodge charges against [Bidot]" and that "[t]he only defense resolved by the arbitrator confirmed whether [Bidot's] disability mitigated any misconduct").

because he's Spanish speaking and he's got a Spanish speaking caseload." *Id.* That statement, without more, was insufficient for a reasonable jury to conclude that Bidot suffered discrimination on the basis of national origin. An employer's operational need for language skills does not establish illegal discrimination based on national origin, even if language skills and national origin often correlate. "Language, by itself, does not identify members of a suspect class." *Soberal-Perez v. Heckler*, 717 F.2d 36, 41 (2d Cir. 1983).

Even if the statement had allowed an inference of discrimination, the district court correctly recognized that the supervising officer who made the statement "had no authority to approve or deny transfer requests." *Bidot*, 2025 WL 1135049, at *8. A remark by a supervisor who did not make the challenged decision does not give rise to the inference that the decision was discriminatory. *See Henry v. Wyeth Pharms., Inc.*, 616 F.3d 134, 149-50 (2d Cir. 2010); *Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 56 (2d Cir. 1998). We conclude that the district court did not err in granting summary judgment on the transfer-related Title VII claim.[2]

\* \* \*

We have considered Bidot's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] For similar reasons, Bidot's § 1983 claim against the supervising officer also fails. Because Bidot did not establish an underlying equal-protection violation based on the denial of the transfer, and because the officer in any event lacked the authority to deny the transfer, Bidot failed to show the personal involvement and discriminatory intent necessary for individual liability under § 1983. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994).

6